UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
JEROME DORFMAN,           MEMORANDUM
      Plaintiff,           & ORDER

                     03CV573(SLT)(WDW)
  -against-


DOAR COMMUNICATIONS, INC.,

      Defendant.
--------------------------------------------------X
TOWNES, U.S.D.J.

  The facts and procedural history underlying the instant motion are set forth in greater detail in this Court's Memorandum & Opinion dated August 2, 2005 ("August 2 Order"), granting Defendant Doar Communications, Inc.'s ("Defendant" or "DOAR") motion for summary judgment, and those facts are incorporated by reference herein. (*See* August 2 Order.)

  Briefly, *Pro se* Plaintiff Jerome Dorfman filed the instant action against his former employer, Doar Communications ("DOAR" or "Defendant") alleging he was terminated in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, et seq. On October, 25, 2004, Defendant filed a motion for summary judgment on the grounds that Plaintiff failed to state a prima facie case of discrimination, or, in the alternative, that Plaintiff failed to rebut Defendant's proffered legitimate non-discriminatory reasons for his termination. Finding that, *inter alia*, Plaintiff failed to show any evidence of discriminatory intent in connection with his termination, this Court granted Defendant's motion in full. (*See* August 2 Order.) On August 24, 2005, Plaintiff filed a motion pursuant to Federal Rules of Civil

Procedure 60 and 61 for reconsideration or reargument of Defendant's motion for summary judgment.  For the reasons stated below, Plaintiff's motion is denied.

Plaintiff, an attorney duly admitted to practice law in the State of New York, Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit and the United States Supreme Court, failed to submit with his opposition papers a statement of material facts he believed to be in dispute, as required by Local Rule 56.1.  (*See* August 2 Order.)  He now argues that (1) the Court should have disregarded Defendant's 56.1 Statement; (2) the Court's reliance thereon mandates relief under Rules 60, 61 and 83; and (3) a genuine issue of material fact exists as to whether Defendant's proffered non-discriminatory reason was pretexual, requiring the court to reconsider its decision.

"Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Plaintiff has failed to show any exceptional circumstances but instead, appears to seek the opportunity to litigate the definitions of the words "short," "concise," and "fact," and to rebut Defendant's 56.1 Statement in the manner that, if at all, should have been done upon the filing of his opposition to Defendant's motion.  Plaintiff now disputes points proffered by defendant as "facts" including, *inter alia*, Defendant's assertion that it is located in Lynbrook, New York, and Defendant's use of statements Plaintiff made in his own deposition.  (*See* Pl. Mot. for Recon. at 3-4.)  Plaintiff also seeks to strike Defendant's 56.1 Statement by pointing out that some paragraphs contain "multiple 'facts.'"  (*See id.*)

Plaintiff has conveniently failed to cite Rule 56.1(c) which provides that "[e]ach numbered paragraph in the statement of material facts...*will be deemed to be admitted for the*

*purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.*" Local Rule 56.1(c) (emphasis added). In failing to submit a 56.1 Statement of his own, Plaintiff has waived his right to dispute "each numbered paragraph" contained in Defendant's Statement. Additionally, and more significant to this Court, Plaintiff fails to identify any facts that he believes this Court incorrectly deemed to be undisputed. Indeed, for the salient facts (including the summary of Plaintiff's employment at DOAR, his change in position, and his termination), the Court heavily cited Plaintiff's deposition testimony and Declaration in addition to (if not in lieu of) Defendant's 56.1 Statement. (*See* August 2 Order at 3-5.) This was done specifically to ensure that Defendant's 56.1 statement was not being deemed admitted at the risk of injustice to Plaintiff. (*See* August 2 Order at 3-5.) Therefore, this argument is no basis for reconsideration.

*Plaintiff's Prima Facie Case*

As stated in the August 2 Order, courts "must carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture....An inference is not a suspicion or a guess." <u>Bickerstaff v. Vassar College</u>, 196 F.3d 435, 448 (2d Cir. 1999). Nevertheless, Plaintiff (who bears the burden of showing evidence from which this Court can reasonably infer discrimination) provided only speculative, age-neutral or inadmissible evidence in support of his *prima facie* claim. He argues that in totality, (1) the fact that he was told that he was being terminated in part because he did not "fit the culture;" (2) the inadmissible hearsay evidence regarding the termination of other employees who he alleges were victims of discrimination; and (3) his exclusion from a company

event attended by younger employees allow a reasonable inference of discrimination. As a matter of law, these factors do not create such an inference.

*Pretext*

Plaintiff's remaining arguments for reconsideration are without merit, as they all relate to the Court's finding that Plaintiff failed to rebut Defendant's proffered non-discriminatory reason for his termination, a finding this Court was not even required to make after Plaintiff failed to meet his *prima facie* burden.[1] Accordingly, Plaintiff's motion is denied in full.

**SO ORDERED.**

                                                                  S/
                                        SANDRA L. TOWNES
Dated: August 31, 2005            UNITED STATES DISTRICT JUDGE
       Brooklyn, NY

---

[1] In any event, the Court's task in evaluating Plaintiff's evidence of pretext was to make a "case-by-case" determination based on a review of the entire record. *Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000). An employer will be entitled to summary judgment "unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. New York Racing Assoc.*, 233 F.3d 149, 154 (2d Cir. 2000)]. The court may consider factors including "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports [or undermines] that employer's case..." *Id.* at 156 (quoting *Reeves [v. Sanderson Plumbing Prod.,* 530 U.S. 133, 148-49 (2000)]) (brackets added in quotation).

*Ruggieri v. Harrington*, 146 F. Supp. 2d 202, 214 (E.D.N.Y. 2001) (Amon, J.). Considering the evidence that Plaintiff was subject to a probationary period during which his performance could be scrutinized and he could be terminated for any or no reason, the lack of evidence of discriminatory intent, and the low probative value of Plaintiff's admissible evidence of pretext, the Court's finds there are no "exceptional circumstances" here warranting reconsideration or reargument of Defendant's motion for summary judgment.